# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DARIEN JERODE PEASE, SR.,
     Plaintiff,

v.                                      Case No. 8:22-cv-590-KKM-AAS

LISA GOGLIN, et al.,
     Defendants.

_____

## ORDER

Plaintiff Darien Jerode Pease, Sr., a state prisoner incarcerated in the Sumter Correctional Institution, brings a complaint under 42 U.S.C. § 1983. (Doc. 1.) As required by law, the Court screened Pease's Complaint and finds it lacking. *See* 28 U.S.C. § 1915A (requiring a district court to screen a complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an in forma pauperis proceeding under the same circumstances).

Pease's Complaint is incomplete and incoherent. He appears to allege that he was wrongly convicted in state court. He alleges that false affidavits and falsified transcripts were used to convict him, his attorneys were ineffective, and the prosecutors withheld exculpatory evidence. (Doc. 1 at 8, 10–11.)

As a result of his wrongful conviction and incarceration, he suffered "calumny [sic], detraction, scandel [sic], apersion [sic], defamation, libel, slander, disruption of quiet enjoyment, loss of freedom and liberty, loss of income, loss of gamefull [sic] employment, lost [sic] of pursuit of happiness, calumniate [sic], malum in se statement." (*Id.* at 6.) He seeks to recover $500,000.00 in actual damages and $500,000.00 in punitive damages. (*Id.* at 9.)

I.     **The Claims**

Initially, the Court must caution that "a state prisoner [cannot] bring a claim for damages under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Salas v. Pierce*, 297 F. App'x 874, 876 (11th Cir. 2022) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). The Eleventh Circuit has explained:

> If it would, the district court must dismiss the complaint, unless the plaintiff can show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus." [*Heck*, 512 U.S. at 487.] "But, if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487, 114 S. Ct. at 2372–73.

*Salas*, 297 F. App'x at 876.

Claims that do not necessarily imply the invalidity of the underlying conviction may include excessive force by police, Fourth Amendment search and seizure violations, and claims against clerks, court reporters, judges, and police departments that are unrelated to the prisoner's detention. *Id.* Based on its initial

2

screening of the Complaint, the Court is unable to determine whether a judgment in Pease's favor would necessarily imply the invalidity of his state conviction.

Pease's allegations of defamation, slander, and other state torts are insufficient to state a claim. "Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002). "While the violation of state law may (or may not) give rise to a state . . . claim, it is not enough by itself to support a claim under section 1983." *Id.* "[T]o seek redress through § 1983 . . . a plaintiff must assert the violation of a federal right[.]" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (alterations omitted).

The Court will permit Pease an opportunity to amend his Complaint. If he can assert facts to state a civil rights claim based on a violation of a federal right against a defendant that is amenable to suit, and if he can demonstrate that a judgment in his favor would not necessarily imply the invalidity of his state conviction, he may file an Amended Complaint.

## II.     The Defendants

Pease names seventeen defendants. He sues Detective Lisa Goglin in her individual capacity for writing a false arrest affidavit and a biased report. (Doc. 1 at 8, 10.) He sues Sergeant B. Crumler in his individual capacity for "signing off on [the] arrest affidavit thereby becoming libel [sic] by allowing false statements to be presented as fact after [Pease] had made him aware of the facts." (Doc. 1 at 8.) To attribute liability under Section 1983 to these defendants, Pease must allege that their "conduct violated a clearly established constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Pease fails to identify a federal right violated by

3

these defendants' conduct. Also, he fails to describe their conduct with any specificity.  His claims against Goglin and Crumler are dismissed without prejudice.

Pease sues Assistant Public Defenders Tosha Cohen, David Wayne Schell, and Mrs. Caruthers for ineffective assistance of counsel. (Doc. 1 at 8, 10.) He alleges that Cohen "[b]elieved the transcripts to be truthfull [sic] and factual after [he] had made her aware of lies and deleted facts." (*Id*. at 8.) He alleges that Schell and Caruthers were "ineffective for not deposing [his] witnesses and not investigating [his] claims that turnt [sic] out to be true." (*Id*.)

Because Pease's claims are based on the performance of Cohen, Schell, and Caruthers as Assistant Public Defenders, he fails to state a claim against them. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (stating that defense attorneys are not state actors who can be held liable under § 1983). Pease's claims against Cohen, Schell, and Caruthers are dismissed with prejudice.

Pease sues Assistants State Attorney Caryna Zamora and Mrs. Ojeda for "with[olding] true facts that would of [sic] proven [his] innocence." Prosecutors are "absolutely immune from liability in § 1983 lawsuits" for "prosecutorial actions that are intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation omitted). "Prosecutorial actions" include, among other things, "the initiation and pursuit of a criminal prosecution[.]" *Hoffman v. Office of State Attorney, Fourth Judicial Circuit*,

4

793 F. App'x 945, 950 (11th Cir. 2019). Prosecutorial immunity also bars claims that a prosecutor ignored exculpatory evidence or failed to disclose exculpatory evidence. *Bonilla v. United States*, 652 F. App'x 885, 892 (11th Cir. 2016). Pease's claims against Assistants State Attorney Zamora and Ojeda are dismissed with prejudice. *See Jenkins v. Walker*, 620 F. App'x 709, 711–12 (11th Cir. 2015) (affirming the dismissal with prejudice of claims against a state prosecutor because he was "protected by absolute immunity").

Pease sues court reporters Kemberly Kayne Green and Lindsey Hughey for "not transcrib[ing] all spoken words." (Doc. 1 at 8). Pease may intend to state a claim against the court reporter defendants for denial of access to the courts. While prisoners have the right of access to the courts, prisoners do not have an inherent or independent right of access to legal information; instead, a prisoner's contention of deprivation of access to courts must show an actual injury as a constitutional prerequisite. *See Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). To prevail on an access-to-courts claim, a plaintiff must show that the defendant "hindered his 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" *Wilson*, 163 F.3d at 1291 (quoting *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996)).

Pease fails to allege with any specificity which transcripts were inaccurate, how they were inaccurate, or how he suffered an actual injury resulting from the inaccurate transcripts. Nevertheless, because a court reporter is not entitled to absolute immunity from such a claim, the Court shall permit Pease an opportunity to amend his claims against the court reporter defendants. *See Walker*, 620 F. App'x

at 712) (remanding to allow the plaintiff to amend his access-to-courts and due process claims against a court reporter for falsified transcripts).

Pease names the Hillsborough County Sheriff's Office, the Tampa Police Department, the Hillsborough County Clerk's Office, the Hillsborough County Public Defender Office, the Hillsborough County State Attorney Office, and the Second District Court of Appeal because they employed the individual officers, prosecutors, public defenders, and court reporters involved in his prosecution and conviction. (Doc. 1 at 8.) A defendant must be an entity or individual subject to suit to proceed under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Under Federal Rule of Civil Procedure 17(b), the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." These defendants lack the capacity to sue and be sued under Florida law. *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued."); *Dean*, 951 F.2d at 1214 ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."); *Ward v. Okaloosa Cty. Court Sys.*, No.: 3:20-cv-5776, 2021 WL 2366948, at *2 (N.D. Fla. Apr. 26, 2021) ("[A] court is not a 'person' subject to suit under § 1983."); *Lederer v. Orlando Utilities Comm'n*, 981 So.2d 521, 525–26 (Fla. 5th DCA 2008) ("Generally, a municipal department is not a separate legal entity and does not have the capacity to sue or be sued. Examples of such subordinate entities comprising an integral party of a municipality would generally include a police or fire department, planning department or city attorney's office."). Pease's claims against the Hillsborough County Sheriff's Office, the Tampa Police Department, the Hillsborough County

6

Clerk's Office, the Hillsborough County Public Defender Office, the Hillsborough County State Attorney Office, and the Second District Court of Appeal are dismissed with prejudice.

Pease sues Florida Suncoast Title for "stop[ping] payment on checks that were issued after closing and closing cleared by underwriters." (*Id.* at 8.) "Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *See Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). To show a defendant acted under color of state law, a plaintiff must allege a sufficient relationship between the defendant and the State. *See Farrow v. West*, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003). Pease fails to allege any facts demonstrating a relationship between Florida Suncoast Title and the State of Florida. Because Florida Suncoast Title is not a state actor, the claims against this defendant are dismissed with prejudice, as leave to amend would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Pease sues Shawn Yesnar for "with[holding] information that he had filed [a] fraud case with [a] bank in his criminal affidavit." A witness in a criminal trial or other proceeding is absolutely immune from liability for damages based on the witness's allegedly false testimony. *See e.g.*, *Briscoe v. LaHue*, 460 U.S. 325, 334, (1983); *Sharp v. City of Huntsville, AL*, 730 F. App'x 858, 861 (11th Cir. 2018). Pease's claim against Yesnar is dismissed with prejudice.

## III.   Conclusion

Because this is Pease's first Complaint and the Court is conducting its required initial screening before any defendant has been served, it will sua sponte permit him the opportunity to amend. Accordingly, it is **ORDERED** that:

1.    Pease's claims against the following defendants are **DISMISSED WITH PREJUDICE**: Tosha Cohen, David Wayne Schell, Mrs. Caruthers, Caryna Zamora, Mrs. Ojeda, Hillsborough County Sheriff's Office, Tampa Police Department, Hillsborough County Clerk of Courts, Hillsborough County Public Defender's Office, Hillsborough County State Attorney's Office, Second District Court of Appeals, Shawn Yesnar, and Florida Suncoast Title.

2.    Pease's claims against Defendants Lisa Goglin, B. Crumler, Kimberly Kaye Green, and Lindsey Hughey are **DISMISSED WITHOUT PREJUDICE**.

    a.    If Pease wishes to amend his Complaint to remedy the noted deficiencies, he shall file an Amended Complaint no later than **May 20, 2022**.

    b.    To amend his Complaint, Pease should complete a new civil rights complaint form, titling it "Amended Complaint." The Amended Complaint must include all of Pease's claims in this action that have not been dismissed with prejudice and that he wishes to pursue and may not refer back to, or incorporate, the original Complaint. The Amended Complaint shall supersede the original Complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

c.     The Amended Complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2.     If Pease fails to file an Amended Complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the Complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3.     Pease must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4.     The Clerk is **DIRECTED** to mail to Pease a copy of both the standard prisoner civil rights complaint form and this order.

**DONE** and **ORDERED** in Tampa, Florida on May 3, 2022.

Kathryn Kimball Mizelle
United States District Judge